IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

| | |
|---|---|
| LARRY CRIBB and CAROLYN CRIBB, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) CIVIL ACTION NO. 4:09-cv-00141-FL<br>) (Removed from the General Court of Justice,<br>) Superior Court Division, Carteret County, North<br>) Carolina, Case No. 09 CVS 1018) |
| SULZER METCO (US) INC., and THE PERKIN-ELMER CORPORATION, and APPLERA CORPORATION, | ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OF DEFENDANTS THE PERKIN-ELMER CORPORATION AND APPLERA CORPORATION IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' STRICT LIABILITY CLAIM FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants The Perkin-Elmer Corporation ("Perkin-Elmer") and Applera Corporation ("Applera"), improperly named as defendants, have moved this Court to dismiss with prejudice plaintiffs' second claim for relief for failure to state a claim upon which relief can be granted. In support of this Motion, defendants state as follows:

### INTRODUCTION

Plaintiffs contend that Larry Cribb was injured while working at the Cherry Point Naval Air Station after exposure to thermal spray powders allegedly manufactured by defendants. Cribb claims he developed cancer due to the carcinogenic nature of the spray powders. Plaintiffs filed suit in the General Court of Justice, Superior Court Division, of Carteret County, North Carolina, asserting six claims for relief: negligence and willful and wanton negligence, strict liability, breach of warranty, punitive damages, loss of consortium, and successor liability. Defendants removed this action to the United States District Court for the Eastern District of

North Carolina. Defendants The Perkin-Elmer Corporation and Applera Corporation seek dismissal of plaintiffs' second claim for relief – strict liability – because North Carolina does not recognize a claim for strict liability in a products liability action.

## ARGUMENT

### I. Legal Standard

A pleading must be dismissed pursuant to Fed. R. Civ. Pro. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929.

In its very recent decision in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), the Supreme Court held that before allowing a plaintiff to proceed with discovery the trial court must use its judicial experience and common sense to determine whether the allegations raised in the complaint are facts that the court may properly consider, or mere conclusions that the court may disregard.

In assessing a motion to dismiss pursuant to Rule 12(b)(6), a court typically "limits its consideration to the pleadings and exhibits attached thereto." *Grossman v. Nationsbank, NA.*, 225 F.3d 1228, 1231 (11th Cir. 2000). Although the well-pled allegations in the plaintiff's complaint are presumed true at this stage, "the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C.Cir. 1994); *accord Lewis v. Brautigam*, 227 F.2d 124, 127 (5th

Cir. 1955). "Where there is a conflict between allegations in a pleading and exhibits thereto, it is well settled that the exhibits control." *Friedman*, 520 F.3d at 1295 n. 6 (citation omitted).

## II. Plaintiffs' Strict Liability Claim Should Be Dismissed.

Plaintiffs' second claim for relief contains a claim of strict liability in this products liability action. North Carolina defines a "products liability action" as:

> any action brought for or on account of personal injury, death or property damage caused by or resulting from the manufacture, construction, design, formulation, development of standards, preparation, processing, assembly, testing, listing, certifying, warning, instructing, marketing, selling, advertising, packaging, or labeling of any product.

N.C. Gen. Stat. § 99B-1(3). Plaintiff Larry Cribb claims he was injured due to a thermal spray powder allegedly manufactured by defendants. (Complaint, ¶ 11, 27). Such a claim falls squarely within the legislative definition of a "products liability action."

Plaintiffs' claim for strict liability should be dismissed because North Carolina does not recognize a cause of action for strict liability in a products liability case. ***Driver v. Burlington Aviation, Inc.***, 110 N.C. App. 519 (1993); ***Wilson Bros. v. Mobil Oil***, 63 N.C. App. 334 (1983). In fact, N.C. Gen. Stat. § 99B-1.1 expressly states that "there shall be no strict liability in tort in product liability actions." A claim in a products liability case must be determined by principles of negligence and/or breach of warranty. *Wilson Bros.*, 63 N.C. App. at 340.

North Carolina only recognizes claims of strict liability when dealing with ultrahazardous activities. ***Travelers Ins. Co. v. Chrysler Corp.***, 845 F. Supp. 1122 (M.D. N.C. 1994); ***Kinsey v. Spann***, 139 N.C. App. 370 (2000); ***Meeks v. Crawford***, 2003 N.C. App. LEXIS 1907 (2003). "Ultrahazardous" activities are those that are so dangerous that even the exercise of reasonable care cannot eliminate the risk of serious harm. In those situations, the employer is strictly liability for any harm that proximately results. Contributory negligence is no defense. *Kinsey*,

supra at 374. Despite plaintiffs' claims to the contrary, North Carolina state and federal courts have specifically and routinely held that blasting is the only ultrahazardous activity recognized by the State. *Kinsey, supra at 374*; *Travelers*, supra at 1125; *Ruffin v. Shaw Indus.*, 149 F.3d 294 (4th Cir. N.C. 1998); *Harris v. Tri-Arc Food Sys.*, 165 N.C. App. 495, 499 (2004) ("In North Carolina only blasting operations are considered to be "ultrahazardous"); *Woodson v. Rowland*, 329 N.C. 330, 352 (1991); *O'Carroll v. Texasgulf, Inc.*, 132 N.C. App. 307 (1999); *Jones v. Willamette Indus.*, 120 N.C. App. 591 (1995); *Meeks v. Crawford*, 2003 N.C. App. LEXIS 1907 (2003) ("In North Carolina, only blasting operations are considered ultrahazardous.").

Plaintiffs' second claim for relief should be dismissed under Fed. R. Civ. P. 12(b)(6). North Carolina does not recognize strict liability claims in a products liability action. Furthermore, despite plaintiffs' claims to the contrary, blasting is the only recognized ultrahazardous activity in North Carolina. Strict liability does not apply to non-ultrahazardous (i.e., non-blasting) activities.

## CONCLUSION

Plaintiffs are alleging a products liability action against defendants. Their claim for strict liability should be dismissed with prejudice for failure to state a claim upon which relief can be granted. North Carolina does not recognize strict liability in a products liability action. North Carolina only recognizes strict liability for ultrahazardous activities, and thermal spray coatings are not an ultrahazardous activity. Accordingly, The Perkin-Elmer Corporation and Applera

///

///

Corporation respectfully ask the Court to dismiss with prejudice plaintiffs' second claim for relief.

This the 19th day of August, 2009.

        YATES, MCLAMB & WEYHER, L.L.P.

        By:   /s/ Barbara B. Weyher
        *Attorneys for Defendants Improperly Named as*
        *The Perkin-Elmer Corporation and Applera*
        *Corporation*
        Barbara B. Weyher
        One Bank of America Plaza
        421 Fayetteville Street, Suite 1200
        Raleigh, North Carolina 27601
        919.835.0900 telephone
        919.835.0910 fax
        Email: bweyher@ymwlaw.com
        North Carolina State Bar No. 9029

        MOZLEY, FINLAYSON & LOGGINS LLP
        J. Arthur Mozley
        Georgia State Bar No. 527700
        Kristen M. Kelly
        Georgia State Bar No. 595011
        5605 Glenridge Drive, Suite 900
        One Premier Plaza
        Atlanta, Georgia 30342
        404.256.0700 telephone
        404.250.9355 fax
        Email: amozley@mfllaw.com
        Email: kkelly@mfllaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

| | |
|---|---|
| LARRY CRIBB and CAROLYN CRIBB, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>SULZER METCO (US) INC., and THE )<br>PERKIN-ELMER CORPORATION, and )<br>APPLERA CORPORATION, )<br>)<br>Defendants. )<br>) | CIVIL ACTION NO. 4:09-cv-00141-FL<br>(Removed from the General Court of Justice, Superior Court Division, Carteret County, North Carolina, Case No. 09 CVS 1018) |

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 19, 2009, I electronically filed the foregoing

**MEMORANDUM OF DEFENDANTS THE PERKIN-ELMER CORPORATION AND**

**APPLERA CORPORATION IN SUPPORT OF THEIR MOTION TO DISMISS** with the

Clerk of the Court using the CM/ECF System which will automatically send a copy of same to

the following counsel of record: David Neal Allen, J. Arthur Mozley, Kristen M. Kelly and I

hereby certify that I have mailed the document to the following non CM/ECF participants:

John Alan Jones
410 Glenwood Avenue, Suite 200
Raleigh, North Carolina 27603

Doug Jones
Doug Jones & Associates, P.A.
3115 Trent Road
New Bern, North Carolina 28562

YATES, MCLAMB & WEYHER, L.L.P.

By:___/s/ Barbara B. Weyher_____
*Attorneys for Defendants Improperly Named as The Perkin-Elmer Corporation and Applera Corporation*
Barbara B. Weyher
One Bank of America Plaza

421 Fayetteville Street, Suite 1200
Raleigh, North Carolina 27601
919.835.0900 telephone
919.835.0910 fax
Email: bweyher@ymwlaw.com
North Carolina State Bar No. 9029