IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

| | |
|---|---|
| LARRY CRIBB and CAROLYN CRIBB, | ) ) ) |
| Plaintiffs, | ) CIVIL ACTION NO. 4:09-cv-00141-FL ) |
| v. | ) **(Removed from the General Court of** ) **Justice, Superior Court Division,** ) **Carteret County, North Carolina, Case** |
| SULZER METCO (US) INC., and THE PERKIN-ELMER CORPORATION, and APPLERA CORPORATION, | ) **No. 09 CVS 1018)** ) ) ) |
| Defendants. | ) |

**REPLY BRIEF IN SUPPORT OF DEFENDANTS THE PERKIN-ELMER CORPORATION AND APPLERA CORPORATION'S MOTION TO DISMISS PLAINTIFFS' STRICT LIABILITY CLAIM FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Defendants The Perkin-Elmer Corporation ("Perkin-Elmer") and Applera Corporation ("Applera"), improperly named as defendants, file this reply brief in support of their motion to dismiss plaintiffs' second claim for relief for failure to state a claim upon which relief can be granted. In support of this Motion, defendants state as follows:

**I. It should be left to the North Carolina legislature, not the courts, to amend North Carolina's express mandate that strict liability actions are only recognized in the context of blasting operations.**

North Carolina has expressly rejected all claims of strict liability in products liability actions. N.C. Gen. Stat. § 99B-1.1 ("There shall be no strict liability in tort in product liability actions.") North Carolina recognizes only one exception — a cause of action for strict liability in the context of blasting operations. ***Travelers Ins. Co. v.***

*Chrysler Corp*., 845 F. Supp. 1122 (M.D. N.C. 1994); *Kinsey v. Spann,* 139 N.C. App. 370 (2000). Plaintiff urges this Court to disregard express law and extend strict liability to non-blasting operations. It should be left to the state legislature, not the judicial branch, to debate and approve any amendments to North Carolina's long-standing law regarding strict liability.

In *Adams v. A.J. Ballard, Jr. Tire & Oil Co*., 2006 NCBC 9 (Tennille, J. 2006), the North Carolina Business Court considered a plaintiff's request that the Court adopt strict liability for a gasoline product. The Court refused to extend strict liability, deferring to the legislature as follows:

> To date, our courts have adopted strict liability only in blasting cases. The reluctance to go further is indicative of the appellate courts' deferral to the legislature in this area of public policy as well as a recognition that legislatures, rather than the courts, are better suited to balance the competing interests and public policy issues surrounding such decisions. The cases to which Plaintiffs cite in support of a finding of liability against refiners are from California and New York--both strict liability jurisdictions. Both of those jurisdictions have taken different legislative approaches from North Carolina.

*Id.* at 72 (Internal citations omitted); see also **Smith v. Fiber Controls Corporation**, 300 N.C. 669 (1980) (refusing to adopt strict liability in products liability cases in light of North Carolina legislature's failure to adopt such a theory when it enacted Chapter 99B of North Carolina General Statutes governing products liability actions).

The United States District Court for the Middle District of North Carolina has agreed that the legislature, not the courts, is the appropriate forum to discuss extending strict liability:

> The Court is cognizant that a legitimate policy debate surrounds the issue of strict liability as applied to subjects in human experimentation. It is a question of policy whether the individual subject, after full and complete disclosure of the risks and informed consent, bears the risk of injuries not resulting from the fault of the investigators or whether the investigators and society at large bear such risks. The Court believes the appropriate forum for such debate is the North Carolina General Assembly and believes the North Carolina Supreme Court would so hold. The North Carolina Supreme Court has refused to extend strict liability to products and has indicated its deference to the legislature in the area of strict liability.

***Whitlock v. Duke University***, 637 F. Supp. 1463, 1475-1476 (M.D. N.C. 1986).

Plaintiff relies upon ***Bennett v. Sulzer Metco (US), Inc.***, et al, 4:02-cv-106H(3) (Order, Sept. 27, 2002), as support for the notion that this Court should allow it to proceed with discovery before ruling on defendants' motion to dismiss the strict liability claims. Defendants respectfully believe the Court in the ***Bennett*** case should have ruled that plaintiff's strict liability claims should be dismissed as a matter of law. North Carolina courts have consistently refused to allow strict liability claims for activities as equally or more hazardous than the activities alleged in this case. See ***Whitlock***, supra (human experimentation); ***Travelers Ins. Co.,*** supra (sale of propane-powered vehicle); ***Adams***, supra (refiners using gasoline containing methyl tertiary-butyl ether).

Even if plaintiff could show through discovery that the spray coatings he alleges he was exposed to were carcinogenic, he still is not entitled to pursue a strict liability claim under North Carolina's current law. Any changes to that law, and its ancillary effects on North Carolina public policy, should be debated in the legislature, especially in light of the legislature's express rejection of strict liability

tort actions in the context of a product liability action. The judicial system is not the appropriate forum to enact such a broad change to the current law.

This the 8th day of September, 2009.

YATES, MCLAMB & WEYHER, L.L.P.


Barbara B. Weyher
North Carolina State Bar No. 9029
One Bank of America Plaza
421 Fayetteville Street, Suite 1200
Raleigh, North Carolina 27601
919.835.0900 telephone
919.835.0910 fax
bweyher@ymwlaw.com

—   AND  —

MOZLEY, FINLAYSON & LOGGINS LLP

By: */s/ Kristen M. Kelly*
J. Arthur Mozley
Georgia State Bar No. 527700
Kristen M. Kelly
Georgia State Bar No. 595011
5605 Glenridge Drive, Suite 900
One Premier Plaza
Atlanta, Georgia 30342
404.256.0700 telephone
404.250.9355 fax
amozley@mfllaw.com
kkelly@mfllaw.com

*Attorneys for Defendants Improperly Named as The Perkin-Elmer Corporation and Applera Corporation*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

| | |
|---|---|
| LARRY CRIBB and CAROLYN CRIBB, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> SULZER METCO (US) INC., and THE ) <br> PERKIN-ELMER CORPORATION, and ) <br> APPLERA CORPORATION, ) <br> ) <br> Defendants. ) <br> ) | CIVIL ACTION NO. 4:09-cv-00141-FL <br> **(Removed from the General Court of Justice, Superior Court Division, Carteret County, North Carolina, Case No. 09 CVS 1018)** |

## CERTIFICATE OF SERVICE

I hereby certify that I served REPLY BRIEF IN SUPPORT OF DEFENDANTS THE PERKIN-ELMER CORPORATION AND APPLERA CORPORATION'S MOTION TO DISMISS on the following counsel of record by filing same using the Court's CM/ECF System which will automatically send a copy of same to the following counsel of record:

>John Alan Jones
>410 Glenwood Avenue, Suite 200
>Raleigh, North Carolina 27603
>
>Doug Jones
>Doug Jones & Associates, P.A.
>3115 Trent Road
>New Bern, North Carolina 28562
>
>David Neal Allen
>Parker, Poe, Adams & Bernstein LLP
>Three Wachovia Center
>401 South Tryon Street, Suite 3000
>Charlotte, North Carolina 28202

This 8th day of September, 2009.

>*/s/ Kristen M. Kelly*
>Kristen M. Kelly