IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY CRIBB and CAROLYN CRIBB, | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. 4:09-cv-00141-FL |
| v. | ) ) ) | |
| SULZER METCO (US) INC., and THE PERKIN-ELMER CORPORATION, and APPLERA CORPORATION, | ) ) ) ) | |
| Defendants. | ) ) ) | |
| THE PERKIN-ELMER CORORATION and APPLERA CORPORATION, | ) ) ) ) | |
| Third-Party Plaintiffs, | ) ) | |
| v. | ) ) | |
| SULZER, INC. and SULZER US HOLDING, INC., | ) ) ) ) | |
| Third-Party Defendants. | ) ) ) | |
| SULZER METCO (US), INC., SULZER, INC. and SULZER US HOLDING INC., | ) ) ) ) | |
| Third-Party Plaintiff, | ) ) | |
| v. | ) ) ) | |
| PE CORPORATION, PE CORPORATION (NY), APPLIED | ) ) ) | |

| | |
|---|---|
| BIOSYSTEMS, INC., APPLIED BIOSYSTEMS, LLC and LIFE TECHNOLOGIES CORPORATION, | ) ) ) ) |
| Third-Party Defendants. | ) |

# DEFENDANTS' AND THIRD PARTY DEFENDANTS' PRELIMINARY REPORT AND DISCOVERY PLAN

The Defendants and Third-Party Defendants hereby submit this Preliminary Report and Discovery Plan. The parties held their Rule 26(f) conference via telephone on November 11 and 17, 2009. The following persons are serving as counsel and are required to attend the Rule 16(b) telephone conference, currently scheduled for December 11, 2009:

| | |
|---|---|
| For Plaintiffs: | John Alan Jones<br>G. Christopher Olson<br>Martin & Jones<br>The Creamery, Suite 200<br>410 Glenwood Ave<br>Raleigh, NC 7603<br>(919) 863-6073<br><br>Doug Jones<br>Doug Jones & Associates, PA<br>3115 Trent Road<br>New Bern, NC 28562<br>(252) 637-1117 |
| For Sulzer Metco (US), Inc., Sulzer US Holdings, Inc., Sulzer, Inc. (hereinafter sometimes referred to as the "Sulzer parties"): | David N. Allen<br>John E. Grupp<br>Parker, Poe, Adams & Bernstein, LLP<br>Three Wachovia Center<br>401 S. Tryon Street<br>Suite 3000<br>Charlotte, NC 20202<br>(704) 372-9000 |

PPAB 1629851v1

| For The Perkin-Elmer Corp., Applera Corp., PE Corp., Applied Biosystems, Inc., Applied Biosystems, LLC, Life Technologies Corporation (hereinafter sometimes referred to as the "Perkin-Elmer parties"): | J. Arthur Mozley<br>Kristen M. Kelly<br>Mozley, Finlayson & Loggins, LLP<br>5605 Glenridge Drive<br>Suite 900<br>Atlanta, GA 30342<br>(404) 256-0700<br><br>Barbara B. Weyher<br>Thomas Carlton Younger, III<br>Yates, McLamb & Weyher, LLP<br>421 Fayetteville St. Mall<br>Suite 1200<br>Raleigh, NC 27601<br>(919) 783-5300 |
|---|---|

The parties made a good faith attempt to confer and submit a joint discovery plan during the referenced Rule 26(f) conference. However, the parties cannot agree upon a discovery plan and will file separate plans. The Defendants and Third-Party Defendants inform the Court that parties agree on Sections A, B.1, 4, 5 and 7, C.1 and 5, D, E, F and G. The sections on which the parties disagree are Sections B.2, 3 and 6, and C.2, 3, 4, 6 and 7.

**A. Nature and Complexity of the case:**

(a) The basis for this Court's jurisdiction is diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332.

(b) This is a product liability action in which Plaintiffs contend that Plaintiff Larry Cribb developed cancer as a result of workplace exposure to carcinogenic forms of nickel and chromium in metal spray powders emitted during work near thermal spray booths at the Cherry Point Naval Air Station. Plaintiffs contend that the Defendants manufactured and distributed the metal spray powders and thermal spray booths. Plaintiffs further contend that Defendants failed to provide adequate warning regarding the cancer-causing potential of said metal spray products.

PPAB 1629851v1

-3-

The Perkin-Elmer and Sulzer parties deny all liability and contend that they did not design, manufacture or distribute the thermal spray booths or thermal spray powders at issue. In 1994 The Perkin-Elmer Corporation entered into a Purchase Agreement with Sulzer, Inc. whereby The Perkin-Elmer Corporation sold its thermal spray and coating division to Sulzer, Inc., and the Perkin-Elmer parties have not manufactured or sold thermal spray booths or powders since such sale. The sale was a transfer of corporate assets and liabilities, and not a transfer of a corporate entity. Under the terms of the Purchase Agreement, indemnity may exist between the Defendants for the type of claims asserted by the plaintiffs, and competing indemnity claims have been asserted by the Perkin-Elmer and Sulzer parties by way of crossclaims, third-party claims and counterclaims.

(c) Key issues will include the following: the identity of the party that manufactured the spray booths and thermal spray powders in question; the make-up of metal spray powders; the adequacy of warnings and instructions provided by Defendants; proper use of thermal metal spray powders and products manufactured and sold by Defendants; the maintenance, operation and repair of the thermal spray booths at Cherry Point Naval Air Station; the adequacy of any training, warnings and instructions provided by Plaintiff's employer, the rights and obligations flowing from the purchase agreement entered into between The Perkin-Elmer Corporation and Sulzer, Inc.; and the various defenses to liability asserted by Defendants and enumerated in their respective Answers, including exposure issues, causation issues, statute of limitations issues, negligence of plaintiff's employers and the government contractor defense.

(d) Plaintiffs seek compensatory and punitive damages in this action. Plaintiff Larry Cribb is currently undergoing treatment of his nasopharyngeal cancer. The damages sought by Plaintiffs will consist of medical expenses, lost wages, and amounts for physical pain and mental suffering. Plaintiff Carolyn Cribb has asserted a claim for loss of consortium. There are disputed factual and medical issues concerning the cause of Mr. Cribb's cancer.

## B. The Defendants/Third-Party Defendants' plan for discovery:

1. The subjects on which discovery may be needed:

For Plaintiffs:

a. The chemical composition or make-up of Defendants' metal spray powders;
b. The nature of any by-products emitted during work with Defendants' metal spray products and metal spray equipment;
c. Efforts by Defendants, if any, to eliminate or reduce the emission of hazardous by-products during work with Defendants' products;
d. Any warnings or instructions provided by Defendants related to use of Defendants' products;
e. Defendants' knowledge regarding the cancer-causing potential of metal spray products containing nickel and/or chromium;
f. Larry Cribb's medical treatment;
g. Plaintiffs' damages;
h. The rights and obligations flowing from the purchase agreement entered into between The Perkin-Elmer Corporation and Sulzer, Inc.;
i. The qualifications and opinions of any experts offered by Defendants and Plaintiffs;
j. Any facts which may affect Plaintiffs' claims and Defendants' alleged liability;
k. Defenses asserted by Defendants.

For Defendants:

a. Which of the Defendants, if any, is responsible for the design, manufacture or distribution of the thermal spray booth or thermal spray powder at issue;
b. Whether the Sulzer parties have a contractual duty to defend and/or indemnify the Perkin-Elmer parties for the injuries alleged in plaintiffs' complaint;
c. Whether the Sulzer parties have a common law duty to defend and/or indemnify the Perkin-Elmer parties for the injuries alleged in plaintiffs' complaint;
d. Whether the Perkin-Elmer parties have a contractual duty to defend

and/or indemnify the Sulzer parties for the injuries alleged in plaintiffs' complaint;
  e. Whether the Perkin-Elmer parties have a common law duty to defend and/or indemnify the Sulzer parties for the injuries alleged in plaintiffs' complaint;
  f. The alleged exposure (degree, duration and nature) of Mr. Cribb to the thermal spray booth and/or thermal spray powder at issue;
  g. The nature, extent and cause of plaintiff's cancer;
  h. The corporate history and structure of Defendants and the other corporate parties;
  i. Whether Mr. Cribb was warned, or otherwise knew or should have known, of the alleged dangers of the thermal spray booth and/or thermal spray powder at issue;
  j. Whether Mr. Cribb's own conduct caused or contributed to his injuries;
  k. Whether These Defendants owed a duty of care to Mr. Cribb, and if so, whether they breached that duty;
  l. Whether North Carolina recognizes a strict liability claim in a products liability action;
  m. Whether the thermal spray booth and/or thermal spray powder at issue are ultrahazardous materials;
  n. The negligence and other conduct of Mr. Cribb's governmental employer and co-employees;
  o. Application of the government contractor defense;
  p. Whether Defendants are liable for compensatory and punitive damages.

2. Whether discovery shall be conducted in phases and/or limited to or focused upon particular issues:

The Defendants and Third Party Defendants ask that all discovery be conducted in and limited to the following phases:

<u>Phase One</u> (six months): Which of the Defendants is responsible for the thermal spray booths in question? Which of the Defendants, if any, is responsible for the thermal spray powders in question? Defendants believe these are threshold questions that in the interests of economy and efficiency for all should be decided first.

PPAB 1629851v1

-6-

Case 4:09-cv-00141-FL     Document 31     Filed 12/01/2009     Page 6 of 11

Phase Two (six months): Plaintiff Mr. Cribb's alleged exposure to carcinogenic products and the cause of his cancer, and all other liability issues and defenses;

Phase Three (six months): The injuries and alleged damages of plaintiffs.

3. The categories of discovery to be utilized by the parties and proposed limitations:
    i. A maximum of fifty (50) interrogatories, including subparts, may be served by each party on each party;
    ii. A maximum of fifty (50) requests for admissions may be served by each party on each party;
    iii. A maximum of fifty (50) requests for production of documents in each phase may be served by each party on each party;
    iv. A maximum of fifteen (15) depositions may be taken by each party, in each phase, and each deposition shall be limited to eight (8) hours unless extended by agreement of the parties or by Order of Court.

4. Whether there are any issues relating to disclosure or discovery of electronically stored information, including issues as to the form(s) in which such information shall be produced: None at this time.

5. Whether there are any issues relating to claims of privilege or of protection as trial-preparation material: The parties anticipate agreeing on a confidentiality order as may be necessary.

6. Discovery shall be concluded on July 30, 2011;

7. Any particular discovery problems that are anticipated? None at this time between the parties. However, the defendants believe that obtaining documents and depositions from employees at the Cherry Point Naval Air Station and from other government entities will be cumbersome and time-consuming.

**C. Proposed deadlines:**

1. Initial Disclosures. The information required by Fed. R. Civ. P. 26(a)(1) will be exchanged by the parties by December 4, 2009.

2. Additional parties, if any, must be joined by February 15, 2010.

3. Pleadings must be amended in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Amendments to the pleadings submitted later than thirty (30) days after the joint preliminary report and discovery plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

4. Expert witnesses must be disclosed by: Plaintiffs' expert disclosures are due on June 30, 2010, and the depositions of plaintiffs' experts will be taken by August 30, 2010. The defendants' and third-party defendants' expert disclosures are due on September 15, 2010, and the defense expert depositions will be taken by November 15, 2010.

5. Motions to Compel must be filed before the close of discovery. Dispositive motions must be filed within thirty (30) days after the close of discovery, unless otherwise permitted by court order. All other motions (except motions in limine) must be filed by the close of discovery.

6. The pretrial conference shall be set by: October 11, 2011.

7. Proposed trial date of: November 14, 2011.

**D. Possibility of settlement and proposed settlement procedure: Unknown and probably premature until it is determined which defendant manufactured and sold the products in question. The parties have no objection to mediation or a judicial settlement conference at the appropriate time.**

**E. The parties do not consent to a magistrate judge conducting all proceedings, including trial and entry of judgment.**

**F. There are no pending related cases.**

**G. There are no currently known scheduling issues affecting counsel or the parties.**

Submitted this 1st day of December, 2009.

| | |
|---|---|
| /s/ David N. Allen<br>David N. Allen<br>North Carolina Bar No. 9095<br>John E. Grupp<br>North Carolina Bar No. 22089<br><br>PARKER POE ADAMS & BERNSTEIN LLP<br>Three Wachovia Center<br>401 S. Tryon Street, Suite 3000<br>Charlotte, NC 20202<br>(704) 372-9000<br>davidallen@parkerpoe.com<br>johngrupp@parkerpoe.com<br><br>*Attorneys for Sulzer Metco (US), Inc., Sulzer US Holdings, Inc. and Sulzer, Inc.* | /s/ J. Arthur Mozley<br>J. Arthur Mozley<br>Georgia Bar No. 527700<br>Kristen M. Kelly<br>Georgia Bar No. 595011<br><br>MOZLEY, FINLAYSON & LOGGINS, LLP<br>5605 Glenridge Drive, Suite 900<br>Atlanta, GA 30342<br>(404) 256-0700<br>amozley@mfllaw.com<br>kkelly@mfllaw.com<br><br>Barbara B. Weyher<br>North Carolina Bar No. 9029<br>Thomas Carlton Younger, III<br>North Carolina Bar No. 33022<br><br>YATES MCLAMB & WEYHER LLP<br>421 Fayetteville St. Mall, Suite 1200<br>Raleigh, NC 27601<br>(919) 783-5300<br>bweyher@ymwlaw.com<br><br>*Attorneys for The Perkin-Elmer Corporation, Applera Corporation, PE Corporation, Applied Biosystems, Inc., Applied Biosystems, LLC, and Life Technologies Corporation* |

## CERTIFICATE OF SERVICE

I hereby certify that on this date, a copy of the foregoing **Defendants and Third Party Defendants; Preliminary Report and Discovery Plan.** was filed electronically. Notice of filing will be sent to all parties by operation of the Court's electronic filing system, including:

>Barbara B. Weyher
>Yates, McLamb & Weyher, L.L.P.
>One Bank of America Plaza
>421 Fayetteville Street, Suite 1200
>Raleigh, NC 27601
>Email: bweyher@ymwlaw.com
>
>John Alan Jones
>410 Glenwood Avenue, Suite 200
>Raleigh, NC 27603
>Email: jaj@m-j.com
>
>Doug Jones
>Doug Jones & Associates, P.A.
>3115 Trent Road
>New Bern, NC 28562
>Email: dougjones@dougjonesassoc.com
>
>J. Arthur Mozley
>Mozley, Finlayson & Loggins LLP
>5605 Glenridge Drive, Suite 900
>One Premier Plaza
>Atlanta, GA 30342
>Email: amozley@mfllaw.com
>
>>/s/ John E. Grupp
>>John E. Grupp
>>North Carolina Bar No. 22089
>>**Parker Poe Adams & Bernstein LLP**
>>Three Wachovia Center
>>401 S. Tryon Street, Suite 3000

Charlotte, NC 20202  
(704) 372-9000 (telephone)  
(704) 334-4706  
johngrupp@parkerpoe.com

*Attorneys for Sulzer Metco (US), Inc., Sulzer US Holdings, Inc. and Sulzer, Inc.*