IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
CIVIL ACTION NO. 4:09-CV-141-FL

| | |
|---|---|
| LARRY CRIBB and CAROLYN CRIBB, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | **ORDER APPROVING OF** |
| vs. ) | **SETTLEMENT AND ESTABLISHMENT** |
| ) | **OF MEDICARE SET ASIDE** |
| SULZER METCO (US) INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court upon Plaintiffs' unopposed Motion for Court Approval of Settlement and Determination of Need for and Amount of Medicare Set Aside. Based upon the proceedings in this matter and the stipulations and submissions of counsel, this Court makes the following Findings of Fact:

1. Medicare does not currently require or approve Medicare Set Asides when personal injury lawsuits are settled. Medicare does not currently have a policy or procedure in effect for reviewing or providing an opinion regarding the adequacy of the future medical aspect of a liability settlement or recovery of future medical expenses incurred in liability cases.

2. Plaintiff Larry Cribb is a Medicare beneficiary. Certain claim-related medical expenses were submitted to and paid for by Medicare. Additionally, it is likely that certain future medical expenses would have been payable by Medicare.

3. With respect to past medical expenses, the Centers for Medicare & Medicaid Services ("CMS") notified Plaintiffs' counsel that $608.09 was owed in connection with those expenses. Plaintiffs' counsel has remitted that amount out of the settlement proceeds to CMS.

4. Regarding future claim-related medical expenses, Plaintiffs submitted a letter report from Larry Cribb's treating oncologist, Dr. John Cho. In that letter report, Dr. Cho described the recommended medical surveillance for Mr. Cribb and his practice further provided a cost estimate of $4,330.00 for that recommended medical surveillance. Dr. Cho's opinion regarding recommended future medical surveillance and the cost of same is consistent with all other evidence adduced in this case.

5. The Court finds Plaintiffs' estimate of future medical costs set forth in the proposed MSA to be both reasonable and reliable. The sum of $4,500.00 shall be placed in a Medicare Set Aside to be administered by Larry Cribb. The Court finds that this amount adequately protects Medicare's interests and should be available to provide funding for future medical items or services related to what was claimed and released in this lawsuit that would otherwise be covered or reimbursable by Medicare.

6. There is no evidence that Plaintiffs or Plaintiffs' counsel or any other party or any other party's representative are attempting to maximize other aspects of the settlement to Medicare's detriment.

7. Notice of the Motion for Court Approval of Settlement and Determination of Need for and Amount of Medicare Set Aside was provided to CMS and the U.S. Attorney for the Eastern District of North Carolina.

Based upon the foregoing Findings of Fact, the undersigned makes the following Conclusions of Law:

1. Jurisdiction over the underlying litigation is based on 28 U.S.C. § 1332. This Court has jurisdiction to decide this Motion pursuant to 28 U.S.C. § 2201 in that there is an actual controversy and the parties seek a declaration as to their rights and obligations in order to

comply with the Medicare Secondary Payer Statute and its attendant regulations in the context of a third party settlement for which there is no procedure in place by CMS. The Court furthermore has jurisdiction to entertain this Motion pursuant to the Court's inherent authority to control its docket.

2. Medicare may obtain secondary payer status under the Medicare Secondary Payer Statute, 22 U.S.C. § 1395y(b)(2) if payment has been made, or can reasonably be expected to be made, under a workers' compensation law of a State or under an automobile or liability insurance policy, both of which are defined in the statute as a "primary plan." 42 U.S.C. § 1395y(b)(2)(A)(ii). A primary plan's responsibility for payment can be determined by judgment or settlement. 42 U.S.C. § 1395y(b)(2)(B)(ii), 42 C.F.R. § 411.22(b)(1-3).

3. Pursuant to the settlement of the underlying litigation, Larry Cribb has become an "entity who received payment from a primary plan," and is therefore responsible as a primary payer for future medical items or services which would otherwise be covered by Medicare, that are related to what was claimed and released in this lawsuit. To the extent there are items or services incurred by Larry Cribb in the future that would otherwise be covered or reimbursable by Medicare, that are related to what was claimed and released in this lawsuit, Medicare shall not be billed for those items or services until the funds received by Larry Cribb for that purpose through the settlement are exhausted.

4. Larry Cribb is obligated to reimburse Medicare for all conditional payments made by Medicare prior to the time of the settlement and for all medical expenses submitted to Medicare prior to the date of this Order, even if such conditional payments are asserted by Medicare subsequent to the effective date of this Order.

5. The sum of $4,500.00, to be utilized by Larry Cribb out of the settlement proceeds to pay for future medical items or services that would be otherwise covered by Medicare, reasonably and fairly takes Medicare's interests into account in that the figure is based on reasonably foreseeable medical needs, based on the most recent information from Mr. Cribb's treating physician.

6. Since CMS provides no other procedure by which to determine the adequacy of protecting Medicare's interests for future medical needs and/or expenses in conjunction with the settlement of third-party claims and since there is a strong public interest in resolving lawsuits through settlement, <u>McDermott, Inc. v. AmClyde</u>, 511 U.S. 202, 215 (1994), the Court finds that Medicare's interests have been adequately protected in this settlement within the meaning of the Medicare Secondary Payer Statute.

7. Based upon the foregoing Conclusions of Law, the Court makes the following Order:

IT IS HEREBY ORDERED that:

1. To the extent that Larry Cribb receives confirmation from Medicare of any conditional payments made by Medicare for services provided prior to the date of this Order, Larry Cribb shall promptly reimburse Medicare for such conditional payments.

2. Larry Cribb shall provide funding for $4,500.00 out of the settlement proceeds for payment of future medical items or services, which would otherwise be covered or reimbursable by Medicare, related to what was claimed in this lawsuit.

3. The funding for Larry Cribb's future medical expenses shall be deposited into an interest bearing account, which will be self-administered by him for the purpose of paying any

future medical items or services that would otherwise be covered or reimbursable by Medicare that are related to what was claimed and released in this lawsuit.

This the 5th day of September, 2012.

_____
United States District Judge